[No. 11131.   Department Two. — May 19, 1888.]

## A. MONTGOMERY, RESPONDENT, *v.* J. A. ROBINSON ET AL., APPELLANTS.

HOMESTEAD — MORTGAGE — INSOLVENCY. — Where husband and wife join in mortgaging their homestead, and the husband is adjudged an insolvent, the holder of the mortgage may foreclose without presenting a claim against the insolvent's estate.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. Thompson*, for Appellants.

*W. F. Goad*, for Respondent.

HAYNE, C. — Action to foreclose a mortgage. The defendants, who were husband and wife, declared a homestead upon the property, and afterwards mortgaged it to the plaintiff. Subsequently the husband was adjudged to be an insolvent, his estate being sufficient to pay something towards his debts. The only point made upon the appeal is, that the plaintiff should have proved his claim in the insolvency proceedings. The idea of counsel, so far as we understand him, is, that the plaintiff should have got what he could from the estate, and then proceeded to foreclose for the balance. This idea is based upon the analogy to probate proceedings, and upon section 60 of the insolvent act, which provides that the insolvency court shall set apart a homestead "in the same manner as provided in section 1465 of the Code of Civil Procedure."

Whatever may be the law with regard to mortgages upon probate homesteads, we can see no ground for the position of the appellants. The provision above quoted from section 60 does not refer to all the provisions of the probate law as to homesteads and claims. It refers

only to a specified section, which relates merely to *the manner* of setting apart homesteads. In addition to this, section 44 of the insolvent act seems to negative the theory of the appellants.

We think that the appeal is without merit, and we therefore advise that the judgment and order denying a new trial be affirmed, with five per cent damages.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed, with five per cent damages.